434

Court of Customs and Patent Appeals.
December 30, 1929.

Patent Appeal No. 2175.

B. G. Foster, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge. This is an appeal from the decision of the Board of Appeals rejecting the claims of appellant, nine in number, six of which are method claims and three product claims. They relate to stockings and the method of making the same.

Claims 1 and 7 are illustrative of the two groups of claims and read as follows:

"1. The method of knitting stockings with low sole sides, which consists in knitting a flat full-fashioned leg blank with opposite heel reënforcements, knitting spaced heel extensions to said reënforcements, knitting to the inner side edges of said heel extensions spaced sole-heel sections that taper outwardly and knitting a foot top section to and between the said sole sections."

"7. A knitted stocking blank comprising a flat knitted leg having reënforcements in its opposite lower corners and outwardly extending heel extensions joined to the lower edges of said reënforced corners, sole strips knitted to the lower edges of said heel extensions and having their inner rear corners joined to the inner lower corners of the heel reënforcements, the rear portions of said sole strips tapering forwardly and outwardly, and a foot top section knitted to and between the sole sections and to the lower end of the leg between the reënforcements."

The references cited are:

Gee, 924,605, June 8, 1909.

Landenberger, 1,111,658, September 22, 1914.

Smith, 1,120,419, December 8, 1914.

Appellant's application discloses a stocking and method of making the same in which the heavy sole of a full-fashioned stocking can be made low at the sides while at the same time the heel and toe are properly re-enforced at the points of wear.

Appellant, in carrying out the claimed method, knits a full-fashioned leg blank with opposite heel re-enforcements and spaced heel extensions. These spaced heel extensions are then bent outward, so that the inner edges of the extensions will be in line with the lower end of the leg section proper and then knitting to the lower edge of the leg section a foot top, and sole-heel sections to the spaced heel extensions above mentioned. The sole-heel sections taper outwardly and downwardly, producing the low sole sides referred to in claim 1. Toe sections are knitted as extensions of the sole-heel sections and the latter sections increase in width as they approach the toe sections, the foot top section being correspondingly lowered. Claims 1 to 6, inclusive, are directed to the method, while claims 7, 8, and 9 are for the stocking produced by the method of the preceding claims.

In its decision the Board of Appeals said, with regard to the method claims:

"Generally speaking, a stocking having reinforced heel, sole and toe portions with low sides similar to that claimed here is disclosed in the patent to Smith cited by the examiner, the particular part relied on being that disclosed in Figure 6 of the drawing of the patent. In the patent the stocking is produced by circular as distinguished from flat full fashioned knitting. * * *

"The Landenberger patent discloses a flat full-fashioned stocking leg blank with opposite heel reinforcements and spaced heel extensions in all substantial respects like that disclosed in appellant's Figure 1. The patent also shows a sole, toe and foot top knitted to the leg and heel blank, but the manipulative steps employed in the knitting are not disclosed.

"The Gee patent discloses in Figures 4, 5 and 6 the manner in which sole-heel, foot top and toe portions are connected to a leg

and heel-blank and the specification of the patent states, see line 21 and following of page 3, that the heel web may be knit with heavy or reinforced yarn. We think it is not unwarranted to assume that both Gee and Landenberger would knit the heel, sole and toe portions of stockings with reinforced yarn. In any event it is our view that patentability of the claims on appeal cannot be predicated on reinforcing any part of a stocking where reinforcement may be found necessary.

"With respect to the method claims appellant contends that the various steps recited therein are not disclosed in the prior art. It is our view that, aside from the manipulation of the yarn to produce the low sole sides, the steps employed by appellant are the conventional steps in flat full-fashioned knitting and are disclosed in the patents to Landenberger and Gee. We do not think it is material to the pertinency of the Gee patent as a reference that the leg portion of the stocking blank is knitted by circular knitting. Gee recognizes, see line 123 and following page 3 of the specification, that it is common practice to knit stocking blanks on flat knitting machines. For special reasons the patentee, in the disclosed embodiment of the invention, preferred to knit the leg portion of the stocking on a circular machine. There is a clear disclosure in the Gee patent of the steps of swinging outward the heel cheeks 12a, 12h and knitting to them the foot and toe sections 23, 23 with a foot top 22 knitted to the lower edge of that part of the leg blank between the heel cheeks. The Gee patent also discloses the seaming of the various portions of the stocking together from the toe to the top of the leg portion along a longitudinal median line. As heretofore noted there is a suggestion in the Gee patent of the employment of reinforcing yarn in the heel portion of the stocking and we again express our belief that in the present development of the art of knitting stockings there is nothing inventive in reinforcing any part of a stocking where it may be found necessary or desirable.

"If any question exists as to the fact that the steps of appellant's method, aside from those employed to produce the low sole sides, are conventional, reference may be had to the publication 'Full-Fashioned Knitting Machines,' copyright 1920, pages 11 and 12 of the publication. A copy of the publication may be found in Division 21 of this office. So far as the limitation in the method claims to the step which results in the production of low sole sides is concerned we think that limitation is responded to by the Smith patent and particularly Figure 6 of the patent with the description relating thereto. The description is contained between line 90 of page 3 and line 4 of page 4. It seems to us to be uninventive to apply the low sole side feature of the circular knit stocking of Smith to a flat full-fashioned stocking blank such as would be produced by the processes of the Gee and Landenberger patents. The steps in claims 5 and 6 of increasing the width of the sole strips and decreasing the width of the foot top section as the toe section is approached were features included in the claims appealed in companion case Serial No. 467,550 although the language of the claims in the two cases is not the same. We think the method claims 1 to 6 inclusive were properly rejected as lacking invention over the prior art."

Appellant does not dispute in his brief, nor did he upon the argument, that the various steps of his method, aside from those employed to produce the low sole sides, are conventional as found by the Board of Appeals; but he does contend that he is the first person who has ever shown to the knitting art how to produce low soles in full-fashioned hosiery, and that while low soles are old in the prior art in circular knitted hosiery, it nevertheless involves invention to produce them in full-fashioned hosiery.

This is the sole question before us so far as the method claims are concerned. The Board found upon this question that the Smith patent disclosed the low sole side feature both in the specification and drawings in a circular knit stocking; that in the Landenberger and Gee patents the steps employed by appellant are disclosed except as to the manipulation of the yarn to produce the low sole sides, and that as to such manipulation the method as explained in the Smith patent suggests the method found to be lacking in the Landenberger and Gee patents.

Appellant contends that the Smith patent carries no such suggestion; that it discloses an entirely different method of manufacturing which could not be applied to the flat knitting methods of Landenberger and Gee. We are unable to adopt this view. The Smith patent clearly discloses the method of producing low sole sides in circular knitting. The Board of Appeals held that applying the method of Smith in producing the low sole sides to the methods of Gee and Landenberger in producing full-fashioned stocking blanks would not constitute invention, and that such combination is substantially what is covered by appellant's application, so far as method of production of low sole sides is concerned.

436

We agree with this conclusion of the Board.

■ As to the article claims, 7, 8, and 9, we agree with the Board that they lack invention over the stocking shown in the Smith patent. The distinction between the two articles lies in method rather than structure. While these claims describe the article as a knitted stocking blank, if there be no invention in the completed stocking, merely calling the article a blank, because the final step toward completion has not been taken, does not bring it within the scope of invention.

The decision of the Patent Board of Appeals is affirmed.

Affirmed.